Robinson, J.
Had the defendants in error tried their case upon the theory that they had averred the execution of a contract and the breach thereof, and that the petition sounded in contract, a reviewing court certainly would not have reversed for lack of necessary averments to state a cause of action ex comtractu.
The amended petition alleges title of the property to be in the plaintiff in error; alleges the authorization of the attorney in fact to execute a lease; alleges the execution of the lease to the defendants in error; sets out the lease and makes it a part of the petition; alleges the value of the lease to the defendants in error; alleges the breach by the plaintiff in error in an unlawful, forcible, wilful, wanton and malicious manner, and denominates it a breach; alleges that the plaintiff in error “has ever since held and now does so unlawfully, wilfully, wantonly and maliciously keep and hold said premises, and will continue to do so, and has prevented and does now and will prevent plaintiffs from using and enjoying the same, and from making and acquiring the profits and value of said lease, and from obtaining the said extension thereof, as plaintiffs desire to do; to the damage of these plaintiffs in the sum of $150,000.”
What is the gravamen of this complaint? Of what are the defendants in error complaining?
They do not complain of damage to or destruction of the building, the subject-matter of the lease, their property for the term; they do not complain *377 of any injury to their effects; but they do aver that the value of the lease to them is $150,000, that they have been unlawfully, forcibly, wilfully, wantonly, maliciously and without their consent deprived of the benefits thereof, and ask judgment for damages in' that sum.
It is true the petition characterizes the breach as having been committed “unlawfully, forcibly, wilfully, wantonly, maliciously and without consent” of the defendants in error. Whát do these words add to thd averment of a breach? Generally speaking breaches are unlawful and ejectments are forcible ; most breaches are wilful, and perhaps but few are wanton and malicious; but do the words “wanton” and “malicious” transform ah exact averment of a breach of contract into an averment of the commission of a tort, or do they not in the connection here used charge the plaintiff in error with the commission of a breach, and attempt to emphasize it by averring that it was done in utter disregard of the rights of the defendants in error and with an evil and wicked purpose ?
While the facts in this case might well have justified a pleading charging a tort, we are unable from the amended petition itself to reach any other conclusion than that the gravamen of the complaint is the breach of the contract, and that the words “wilfully, wantonly, maliciously” add nothing thereto, and must have been intended by the pleader to characterize the motive and purpose of the perpetrator of the breach.
For these reasons we agree with the court of appeals that the pleadings stated a cause of action to recover damages for the breach of a contract of *378 lease, that the admission of evidence and the charge of the trial court should have been limited to the issue thus made, and that the court erred in admitting evidence on the theory that the case was one in which exemplary damages could be properly allowed, and in charging the jury to that effect.
After the defendants in error had rested their case, the plaintiff in error made a motion to direct the jury to return a verdict in favor of the plaintiff in error. Whereupon the defendants in error, having admitted in their reply that they had not complied with certain of the covenants of the lease, and having averred in the reply that the plaintiff in error had waived the observance of such covenants, but having introduced no evidence to substantiate such waiver, offered to and were permitted over the objection of the plaintiff in error to offer as rebuttal proof tending to prove such waiver. Such evidence was not competent as rebuttal. There was no issue as to the breach of the particular covenants, the pleading having admitted the breach as to them. The issue was as to the waiver, made for the first time by the averments of the reply, and stood denied without further pleading. The proof of the waiver was a part of the case in chief of defendants in error; but in the interest of justice, in the exercise of sound discretion, a trial court may permit either party, after it has rested, to reopen the case and introduce further testimony, and upon this theory there was no error committed by the trial court in permitting the defendants in error to reopen their case and introduce the additional evidence.
Thereafter, the plaintiff in error, as sur-rebuttal. sought to offer evidence tending to refute the evi *379 dence of the defendants in error that plaintiff in error had waived the observance of certain covenants of the lease. The denomination of this evidence as sur-rebhttal did not affect its competency. The case having been reopened for the purpose of permitting the defendants in error to introduce additional evidence was reopened for the plaintiff in error for all purposes, and the refusal to permit such evidence was erroneous.
This court is not able to reconcile the averments of the amended petition, as to performance, with the confession and avoidance of the reply, but is unwilling in this case to render a judgment on the pleadings, and will affirm the judgment of the court of appeals, remanding the case to a court that can permit a revision of the pleadings.

Judgment affirmed.

Marshall, C. J., Johnson, Hough, Wanamakeb and Matthias, JJ., concur.
Jones, J., concurs in the syllabus, but favors judgment for plaintiff in error.